SAMUEL MARTIN, WHO SUES TO THE USE OF STANDARD FIRE INSURANCE COMPANY, RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

1. The owner of a house, which was set on fire by sparks emitted from a locomotive engine of the defendant company, received a sum of money, from an insurance company, giving the latter a subrogation receipt. He then brought an action against the railroad company for the entire loss, which was settled by payment of the total loss, less a certain sum, fixed as the amount paid by the insurance company. The insurance company subsequently brought an action against the railroad company to recover the amount paid by it upon the insurance policy, and the railroad company asked for a nonsuit, because it appeared that another action had been begun and determined for the same loss. *Held*, that the former action and settlement thereof was not a bar to the action by the insurance company.

2. The statute limiting the time within which an action for damages for fire occasioned by sparks from a locomotive engine shall be brought, does not require the prosecution of the action to be brought to a finality within the statutory period fixed for the bringing of the suit.

3. Where, at the trial of an action against a railroad company for damages occasioned by the emission of sparks from a locomotive, there was testimony adduced by the defendant company, that the spark arrester of the locomotive which caused the fire was inspected, and found in good order, and there was also testimony that the same engine had set another fire, and an expert further testified that where fires repeatedly occur through sparks escaping from an engine, it is evidence that the engine is not in proper order, the question of negligence of the defendant company was properly submitted to the jury.

On appeal from the Supreme Court.

For the appellant, *Adrian Lyon.*

For the respondent, *Huston Dixon.*

The opinion of the court was delivered by

KALISCH, J. The action in the court below was brought against the Lehigh Valley Railroad Company for the use of

the Standard Fire Insurance Company, and arose out of the following circumstances:

Martin's house was burned by a fire originally started by sparks or live coal emitted from a locomotive engine of the defendant company. He had a policy of insurance on the house in the Standard Fire Insurance Company, which company paid him upon that policy $1,089, and for which he gave a subrogation receipt to the company. He then brought his action against the railroad company to recover his entire loss, but it appears that this action was compromised between the parties, by the railroad company paying the amount of the total loss, less the sum received by Martin from the insurance company, which was fixed at $1,500.

The insurance company then endeavored to collect from the railroad company the amount which it had paid Martin on the policy of insurance, and upon a refusal of the railroad company to recognize this claim, the action in the court below was brought and resulted in a verdict and judgment against the railroad company. From this judgment the railroad company appeals to this court.

The first ground of appeal is based upon the claim that the trial judge erred in refusing to nonsuit the plaintiff below, because it appeared that another action had been commenced and determined for the same loss. This manifestly refers to the action brought by Martin against the railroad company to recover the whole amount of the loss, and which was compromised by the railroad company paying Martin $1,500, after deducting the amount received by him from the insurance company. That action was obviously settled upon the basis of the liability over by the railroad company to the insurance company, and, therefore, afforded no legal bar to the latter maintaining its action against the railroad company.

The next ground of appeal is based upon the assertion, by counsel for appellant, that more than a year elapsed before the action was begun. But this is not so in fact. The fire occurred on the 2d day of May, 1913, and the action was begun by the issuance of the summons on the 30th day of December of that year and the filing of the complaint on the 8th day of the next succeeding month.

The argument of counsel for appellant further proceeds upon the theory that the language of section 58 of the Railroad act (*Comp. Stat., p.* 4246), creating the special limitation of actions of this nature, requiring that they "shall be commenced and sued within one year after the cause or action has accrued and not after," limits not only the bringing of the action within the year, but also the prosecution thereof to a finality, unless good cause for delay is shown. But, clearly, the statute does not mean that. It is well to note here that the Limitation act above referred to was amended by a later statute which enlarged the limitation of one year to two years. *Pamph. L.* 1912, *p.* 265. But this is of no importance here.

Moreover, the statute of limitation is a defence which must be pleaded and no such defence is set up in the defendant's answer.

The only other ground urged for a reversal is that there was no negligence shown on the part of the appellant company as a producing cause of the fire. We think that there was evidence on this point requiring the submission of the question involved to the jury. It is true that there was proof of the examination of the spark arrester of the engine which caused the fire and that the inspector testified to its good order. But there was also evidence that this same engine had set another fire, and only two days before the one in question, and there was also testimony emanating from an expert called by the railroad company that where fires repeatedly occur through sparks escaping from an engine, it is good evidence that the engine is not in proper order.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.